# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DAVID D. CORONADO,<br><br>  Plaintiff,<br><br>  vs.<br><br>BANK OF AMERICA, N.A. f/k/a BAC HOME LOANS SERVICING L.P., EXPERIAN INFORMATION SOLUTIONS, INC.; and DOES 1 to 10, inclusive,<br><br>  Defendants. | Case No. CV11-8866 CAS (MLGx)<br>Assigned to: Hon. Christina A. Snyder<br><br>[~~PROPOSED~~] PROTECTIVE ORDER<br><br><br>Complaint filed:  October 26, 2011 |

UPON the stipulation of Plaintiff, DAVID D. CORONOADO,  and Defendant, BANK OF AMERICA, N.A. f/k/a/BAC HOME LOANS SERVICING L.P. it is hereby

ORDERED that:

**I.    Scope of Stipulation and Protective Order**

1.    All information produced in discovery by any party or non-party shall be used solely for the purposes of this action.

2.    The protections of this Stipulation and Protective Order may be invoked with respect to any documents, testimony, information, and things (collectively "material") produced or created in this action that contain certain information, business records, or other materials that contain or constitute confidential, trade secret, or proprietary information, or materials that have been preserved or maintained in a manner calculated to preserve its confidentiality, or

1  information that the producing party is required or entitled by law to maintain in confidence, and
2  with respect to any deposition, court filing, correspondence, exhibits, or discovery request or
3  response containing or referring to such materials.  Said materials may be designated as
4  "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  Such designation may be made
5  by any party or by any non-party producing materials in this action, and the terms "producing
6  party" or "designating party" as used herein shall be deemed to include a non-party that produces
7  materials in this action.

8       3.     Information may be designated as "Confidential," if the information contained or
9  expressed therein has not been disclosed to the public and if public disclosure of such information
10 is either restricted by law or, in the good faith opinion of the producing party:  (i) contains
11 confidential, proprietary, trade secret, or other commercially sensitive information; (ii) contains
12 confidential research, development, or commercial information; or (iii) contains sensitive health,
13 personal financial, or other information protected by the right of privacy.

14      4.     Information may be designated as "Highly Confidential – Attorneys' Eyes Only,"
15 if the information contained or expressed therein has not been disclosed to the public and in the
16 good faith opinion of the producing party:  (i) contains trade secret or other commercially or
17 competitively sensitive information; (ii) contains highly confidential research, development, or
18 commercial information; or (iii) contains highly sensitive financial or personal information,
19 which the producing party believes in good faith that disclosure to another party in this action or
20 third-party could cause a competitive or financial injury, or could be used by another party in this
21 action for purposes other than this litigation to the detriment of the producing party.

22      5.     As used herein, information deemed "Confidential" or "Highly Confidential –
23 Attorneys' Eyes Only" may include without limitation papers, tapes, documents, discovery
24 responses, disks, diskettes, copies, extracts, data bases and complete or partial summaries
25 prepared from such papers, documents, or other tangible things produced by the Parties in
26 connection with this action.

27
28

## II. Disclosure of Confidential Materials

1. Materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as well as summaries, excerpts and compilations of such materials, shall not be disclosed to or made accessible to any person except as specifically permitted by this stipulation and protective order. Materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," like all discovery materials, shall be used solely in the preparation for trial and/or trial of this action, and shall not be used at any time for *any* other purpose whatsoever.

2. Materials designated as "Confidential" by any producing party may only be disclosed to:

   i. The Court (including appellate courts), arbitrators, mediators, and the personnel of any of the foregoing;

   ii. Attorneys in a law firm actively involved in the representation of a party in this action, and their secretaries, paralegals, legal assistants, and other staff actively involved in assisting in this litigation whose functions, for the purposes of prosecuting or defending this action, require access to such "Confidential" information;

   iii. In-house attorneys employed by any party to the litigation and working on this litigation, and their secretaries, paralegals, legal assistants, and other staff;

   iv. Officers, directors, and employees of any of the parties to this litigation, other than those covered by section 2 iii above, provided that materials designated as "Confidential" may be disclosed to such persons only to the extent such disclosure is, in the judgment of counsel, reasonably necessary to counsel's preparation of the case and/or the party's evaluation of the case;

   v. Any expert or consultant who is employed or retained by any of the parties in this action or their counsel of record to assist counsel in this litigation, and any employee of such expert or consultant assisting in this litigation;

   vi. Any person called to testify as a witness either at a deposition or court proceeding in this action, but only to the extent necessary for the purpose of assisting in the preparation or examination of the witness, and also only if such persons are informed of the terms

- 3 -

1  of this Stipulation and Protective Order, provided with a copy of this Stipulation and Protective
2  Order, and agree, on the record, that they are bound by the terms of the Stipulation and Protective
3  Order, and are required not to disclose information contained in materials designated as
4  "Confidential" or "Highly Confidential – Attorneys' Eyes Only."
5   vii. Stenographers and their support personnel, for purposes of transcribing
6  depositions conducted in this action;
7   viii. Employees of outside copying services and other vendors retained by
8  counsel to assist in the copying, imaging, handling or computerization of documents, but only to
9  the extent necessary to provide such services in connection with this litigation, and only after
10 being informed of the provisions of this Stipulation and Protective Order, and agreeing to abide
11 by its terms;
12   ix. Parties to this action who are natural persons; and
13   x. The author(s), addressee(s), subject(s), and recipient(s) of the "Confidential"
14 or "Highly Confidential Attorneys' Eyes Only" information.
15  3. Materials designated as "Confidential" may also be disclosed to outside bank
16 examiners or auditors acting in the course and scope of any examination or audit (but not falling
17 under the category of state or federal bank regulators, as addressed in Part VII of this agreement).
18 Such examiners or auditors may be provided with such documents for the purpose of conducting
19 an examination or audit, and any documents that are marked as "Confidential" will, at that time,
20 be exempt from the provisions of this protective order, so long as the documents are not
21 duplicated or disseminated to any other party.  Documents marked "Highly Confidential –
22 Attorneys' Eyes Only" shall not be disclosed to outside bank examiners or auditors without the
23 prior written consent of the designating party.
24  4. Each person to whom "Confidential" or "Highly Confidential – Attorneys' Eyes
25 Only" material is disclosed (other than persons described in paragraph II(2)(i), (vi), (vii), (viii),
26 and (x)) shall execute a non-disclosure agreement in the form annexed hereto as Exhibit A prior
27 to disclosure, and shall agree to be bound by this Stipulation and Protective Order and be subject
28 to the jurisdiction of this court for the purpose of enforcement of the terms of this Stipulation and

- 4 -

136045.16252/95081467v.1   [~~PROPOSED~~] PROTECTIVE ORDER

Protective Order, except that individuals identified in paragraphs II(2)(ii) and (iii) shall not be required to execute such an agreement, provided that counsel making disclosure to such individuals advise them of the terms of the Stipulation and Protective Order, and they agree to be bound thereby.  Counsel disclosing "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material to persons required to execute non-disclosure agreements shall retain all such executed agreements.  Copies of the executed agreements shall be preserved by counsel and shall be provided to the producing party upon request.

### III.   Disclosure of Highly Confidential – Attorneys' Eyes Only Materials

Disclosure of information, documents, or material designated as "Highly Confidential – Attorneys' Eyes Only" may only be made to the same extent as permitted in paragraphs II(2)(i), (ii), (iii), (v), (vi), (vii), (viii), and (x), and subject to the same requirements and limitations set forth in paragraph II(3), including the requirement of executing a non-disclosure agreement in the form attached hereto as Exhibit A prior to disclosure.  "Highly Confidential – Attorneys' Eyes Only" material may not be disclosed to or used by persons identified in paragraphs II(2)(iv) or II(2)(ix) without the prior written consent of the designating party, which shall not be unreasonably withheld.  Except as otherwise provided herein, "Highly Confidential – Attorneys' Eyes Only" material shall not be disclosed to directors, officers, or employees of a party to this action.

### IV.   Designation of Materials as "Confidential or "Highly Confidential – Attorneys' Eyes Only"

1.   "Confidential" or "Highly Confidential – Attorneys' Eyes Only" materials shall include only such information as the designating party in good faith contends should be protected pursuant to this Stipulation and Protective Order on the grounds that the information constitutes a trade secret, or confidential, or proprietary information, the disclosure of which, other than under the terms of this Stipulation and Protective Order, may cause harm to the public or to the commercial or business interests of the party or non-party making the designation.

2.   In making designations pursuant to this Stipulation and Protective Order, California law shall govern.

3.      The protection of this Stipulation and Protective Order may be invoked with respect to any covered material in the following manner:

   i.      With respect to documents, the copy of the document when produced shall bear the clear and legible designation "Confidential" or "Highly Confidential – Attorneys' Eyes Only," respectively on each page of the document;

   ii.     With respect to discovery requests or the response thereto, the pages of such requests or responses containing "Confidential" or "Highly Confidential – Attorneys' Eyes Only," materials shall be so marked, and the first page of the request or responses shall bear a legend substantially stating that "This Document Contains Confidential or Highly Confidential – Attorneys' Eyes Only Material";

   iii.    With respect to any deposition, "Confidential" or "Highly Confidential Attorneys' Eyes Only" may be invoked by: (1) declaring the same on the record at the deposition with instructions to so designate the cover of the deposition transcript, and (2) designating specific pages as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," and serving such designations within fifteen (15) days of receipt of the transcript of the deposition in which the designations are made.

4.      Once the parties have produced the "Confidential" or "Highly Confidential Attorneys' Eyes Only" materials, the documents, and any summaries, abstracts, notes, analysis, attorney notes, work product, or other document that is derived from and discloses the contents of such material shall be subject to the terms of this Stipulated Protective Order.

5.      If any producing party inadvertently produces or discloses any "Confidential" or "Highly Confidential Attorneys' Eyes Only" material without marking it with an appropriate legend, the producing party or disclosing party may give notice to all receiving parties that the information should be treated in accordance with the terms of this Stipulation and Protective Order, and shall forward appropriately stamped copies of the items in question.  Within fifteen (15) days of receipt of substitute copies, the receiving party shall return the previously unmarked items and all copies thereof.  The inadvertent disclosure shall not be deemed a waiver of

1 confidentiality, and such designations may be made as soon as possible after the discovery of the inadvertent production or disclosure.

### V.  Filing and Serving of Court Papers

1. No "Confidential" or "Highly Confidential – Attorneys' Eyes Only" materials shall be filed in the public record of this action.

2. Such documents shall be handled according to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California (the "Local Rules"):  No documents shall be filed under seal unless an appropriate order is entered in accordance with Local Rule 79-5.  <u>Unless and until such an order is entered, confidential material shall be lodged separately as exhibits and will be returned to counsel upon completion of the hearing for which the confidential material is submitted</u>.

3. All pleadings and other documents that contain "Confidential" or "Highly Confidential – Attorneys' Eyes Only" materials and are lodged in accordance with Paragraph 2 of this Part (Part V) shall include on the first page of such document, and all copies thereof, a statement substantially to the effect that, "This Document Contains Confidential [or Highly Confidential – Attorneys' Eyes Only] Materials Subject to Protective Order."

4. Any documents returned to counsel pursuant to Paragraph 2 of this Part (Part V) shall be subject to Part VIII, below.

### VI.  Use in Court Proceedings

Nothing in this Stipulation and Protective Order shall be construed to prejudice any party's rights to use at trial or in any open hearing before the Court any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material, provided that reasonable notice of the intended use of such material shall be given to all counsel of record in order to enable the parties to arrange for appropriate safeguards.

If any party or their counsel are served with a subpoena or an order issued in other litigation that would compel disclosure of any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material, such party must immediately notify all other parties in writing (by fax or e-mail, if possible) and, in no event more than three court days after receiving the

subpoena or order. Such notification must include a copy of the subpoena or court order. The party upon whom the subpoena has been served must also immediately inform, in writing, the party who caused the subpoena or order to issue, that some or all the material covered by the subpoena or order is the subject of this Stipulation and Protective Order. In addition, the party upon whom the subpoena has been served must deliver a copy of this Stipulation and Protective Order promptly to the party that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulation and Protective Order, and to afford all other parties an opportunity to try to protect their confidentiality interests in the court from which the subpoena or order issued. The parties seeking protection shall bear the burdens and the expenses of pursuing protection of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging any party in this action to disobey a lawful directive from another court.

## VII. State or Federal Bank Regulators Exempt

All governmentally-affiliated state or federal bank regulators (e.g. Federal Deposit Insurance Corporation) are exempted from the provisions of this Stipulation and Protective Order. Any legal request for disclosure from any such entities shall be complied with so long as the disclosing party includes correspondence specifically informing the state or federal bank regulator of the existence of this Stipulation and Protective Order and attaching a copy of the same thereto.

## VIII. Handling and Disposition of Materials at Conclusion of Case

All material designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall remain in the possession of the counsel of record to whom such material is produced, and they shall not permit any such material to leave their possession, except that copies of such materials may be made for the use of those assisting counsel to whom disclosure may be made under paragraphs II, III and IV, and copies may be submitted to the Court under seal as necessary.

Within sixty (60) days after such time as this action is concluded, whether by a final adjudication on the merits from which there is no right of appeal, or by other means, each party to whom "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material was produced shall, at the election of the party receiving the materials, either: (1) return all documents and

copies containing "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designations (including but not limited to any copies in the possession or control of any person or entity provided such documents pursuant to this protective order) to the party who produced them, or (2) promptly destroy all such materials, and shall provide written certification under oath to the producing party to that effect.

Any party assisting counsel to whom disclosure of material designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" may be made under paragraphs II, III and IV shall return such documents to the party that provided them with such documents, upon request from such party.  At the conclusion of litigation, the parties to this agreement must obtain all documents from any party assisting counsel to whom disclosure of material designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" was made under paragraphs II, III and IV and otherwise comply with the above portions of Part VIII.

### IX.     Reservation of Rights

By designating any material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the parties do not acknowledge that any such material is relevant or discoverable in this action.  This Stipulation and Protective Order shall not constitute a waiver of any right to seek discovery or, or alternatively to resist discovery of, any material in this action.  Nothing herein shall be deemed a waiver of any objection any party or non-party may raise to the production of any documents and in support of a refusal to produce such documents.  Designation of material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," pursuant to this Stipulation and Protective Order does not in any way restrict or adversely affect the designating party's use or disclosure of such documents.

Nothing in this Stipulation and Protective Order, nor the production of anything by any party in this action, shall be deemed a waiver of any privilege with respect thereto in any other action or proceedings, or a waiver of any privilege applicable to any information other than the specific information so produced in this action, or of the right of any party to this action to oppose production of any information.

This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, consistent with Rule 37 of the Federal Rules of Civil Procedure or Local Rule 37.

## X. Inadvertent Disclosure

If any party learns that, by inadvertence or otherwise, they have disclosed "Confidential" or "Highly Confidential Attorneys' Eyes Only" material, to any person or in any circumstance not authorized under this Stipulation and Protective Order, such party must immediately: (a) notify all other parties in writing of the unauthorized disclosure(s); (b) use their best efforts to retrieve all copies of the protected material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that such person or persons execute the "Acknowledgment and Agreement" attached hereto as Exhibit A.

## XI. Challenge to Designation

A party or witness (or aggrieved entity permitted by the Court to intervene for such purposes) may apply to the Court or bring a motion, pursuant to the relevant Federal Rules of Civil Procedure and the Local Rules, for a ruling that any material (or category of material) or testimony designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," is not entitled to such status and protection. The party or other person that designated the material or testimony as "Confidential" or "Highly Confidential Attorneys' Eyes Only" shall be given notice of the application and an opportunity to respond. To maintain "Confidential" or "Highly Confidential – Attorneys' Eyes Only" status, the burden is on the proponent of confidentiality to show by a preponderance of the evidence that there is good cause of the material or testimony to have such protection.

## XII. Modification

Nothing in this Stipulation and Protective Order shall preclude any party from applying to the Court to modify this Stipulation and Protective Order, whether it be to increase or decrease the safeguards contained herein.

### XIII. Retention of Jurisdiction

The Court shall retain jurisdiction over all persons to be bound by the terms of this Stipulation and Protective Order, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Stipulation and Protective Order.

### XIV. Effect of Stipulation Regarding Protective Order

The parties and their counsel agree that, in the event that the Court does not enter this Protective Order, this Stipulation shall remain in effect and enforceable between the parties.

DATED:   July 5, 2012          By: _____
                                    Honorable Marc L. Goldman
                                    United States Magistrate Judge

136045.16252/95081467v.1

[~~PROPOSED~~] PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT

I, _____, hereby certify and declare as follows:

1. My address is _____. My present employer is _____. My present occupation is _____.

2. I have received and carefully read a copy of the Stipulation and Protective Order in this action, and fully understand its terms and restrictions. I agree to be bound by its terms and restrictions. I hereby consent to personal jurisdiction over me by the Court for purposes of enforcing the Stipulation and Protective Order, even if such enforcement proceedings occur after the termination of this action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: _____        _____